IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| ELDER THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. **6:12-cv-286-HO** |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

INTRODUCTION

Plaintiff, Elder Thomas, brings this employment
discrimination lawsuit against her former employer, the
Commissioner of the Social Security Administration
(Commissioner). She alleges four claims for: (1) violation of
Title VII, 42 U.S.C. §2000e based on race, and color
discrimination, (2) two claims of state law violations of ORS
659A.030(1)(a) and (b), for race and color discrimination; and

ORDER - page 1

(3) violations of her rights under the Americans with Disabilities Act (ADA) 42 U.S.C. §12112, for failure to engage in the interactive process and to reasonably accommodate her disability. [#1-pp.8-13]. Plaintiff seeks $300,000 non-economic damages and reasonable attorney fees and costs. (#1).

Subsequent to defendant's motion for summary judgment, plaintiff has moved to dismiss "her Second and Fourth claims[1] for relief with prejudice and without costs or attorney fees." [#22-p.1].

Defendant moves for Summary Judgment against all of plaintiff's remaining claims arguing that plaintiff has failed to timely exhaust administrative remedies, has alleged a claim under the ADA that does not apply to federal agencies, and has failed to state a *prima facie* case of race, disability or sex discrimination against the Commissioner, given that the agency has articulated legitimate nondiscriminatory reasons for all its actions. *Id.*

Discussion

Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is clearly entitled to prevail as a matter of law. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 677 (9th Cir.1984). The evidence is viewed in the light most favorable to the nonmoving party in

---

[1]     These are her state law claims.

ORDER - page 2

order to determine whether there was a genuine issue as to any material fact. *Ybarra*, 723 F.2d at 677.

A plaintiff alleging employment discrimination "need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry - one that is most appropriately conducted by a fact-finder, upon a full record." *Chuang v. Univ. Cal. Davis*, 225 F.3d 1115, 1123-24 (9th Cir. 2000)(quoting *TX Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

In evaluating motions for summary judgment in the context of employment discrimination, the Ninth Circuit has emphasized "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir. 2004).

## A. **Undisputed Facts:**

Plaintiff is an African American female who began working as a group supervisor in the Office of Disability Adjudication and Review (ODAR) in Eugene, Oregon in 2004. The Eugene ODAR office had two group supervisor positions. From 2004-2005, plaintiff and Simon Collins served as the ODAR group supervisors. From 2005 through 2007, plaintiff and Jim Horn served as the group

ORDER - page 3

supervisors at ODAR.  From 2004 through July 8, 2011, plaintiff's
Hearing Office Director (HOD) and first line supervisor was
Patricia Schreiner,[2] a Caucasian female.  [#9-Ex.6,p.16].

Plaintiff was the only African American employee in the
Eugene ODAR office until March 2010, when Laverne Webb was hired
as a senior case technician.  Marian Porterie, a senior attorney
at ODAR, testified that Schreiner has repeatedly made "life
absolutely miserable" for both plaintiff and Webb, as well as
other employees.  [#9-Ex.10-p.2; #25-Ex.8-p.2].

After plaintiff's second carpal tunnel surgery, in August
2007, plaintiff requested a roller ball mouse and a reverse tilt
keyboard.  Plaintiff was provided with a roller ball mouse but
did not receive the requested keyboard.  Ms. Schreiner sent
plaintiff an email on or about September 9, 2008, in which she
denied plaintiff's request for the reverse tilt keyboard and gave
plaintiff the contact information for the agency's Benefits and
Employee Services Team in Seattle to whom she suggested plaintiff
make her keyboard request.

Plaintiff did not pursue her keyboard request further until
filing her complaint with the EEO on June 5, 2009.  The EEOC
Administrative Law Judge (ALJ), in a October 6, 2011 decision,
found that plaintiff rather than the agency, had failed to engage
in the interactive process and that plaintiff's failure

---

[2]     Schreiner now works as a HOD in Tacoma Washington.

"militate[d] against a finding that the Agency failed in its duty of reasonable accommodation." [#9-Ex.6, p.18].

On June 5, 2009, plaintiff sought EEOC counseling [#9-Ex.3], and filed a formal complaint on August 31, 2009 (SEA-09-0633), alleging discrimination and a hostile work environment based on disability, sex[3] and race. [#9-Exs 4 and 5]. On December 4, 2009, the Social Security Administration (SSA), dismissed plaintiff's claim that on April 13, 2009, she was denied the opportunity to work credit hours as untimely,[4] because she initiated contact with the EEO counselor about this issue, on June 5, 2009, well beyond the 45-day regulatory time line. [#9-Ex.5,p.3].

On October 6, 2011, the EEOC ALJ in a 25-page decision rendered without a hearing, found for the agency stating that, while plaintiff had shown that she was subjected to management actions which she found objectionable, she had failed to provide sufficient evidence to link those actions to race, color or disability discrimination. [#9-Ex 6). Based on that decision, the SSA issued a final order on November 21, 2011, finding that the agency did not discriminate against plaintiff. (#42-Ex R,

---

[3]    Plaintiff later withdrew her sex based discrimination claim.

[4]    Plaintiff's briefing explains that credit hours are overtime hours allowed for any type of work whereas overtime hours are allowed only for production-related work. [#23-p.5]..

ORDER - page 5

#43-Ex 8; #30-Ex 3).  Plaintiff filed this action on February 17,
2012.  [#1].

**B.  State law claims: Plaintiff's Motion to Dismiss** (#45)

Given that plaintiff has neither filed a motion to dismiss
nor an amended complaint, the court construes her desire to
dismiss her state law claims as stated in her Memorandum of Law
in Response to Defendants' Motion for Summary Judgment as a
motion to dismiss.  [#22].  Plaintiff's state law claims
contained in her Second and Fourth claims are therefore dismissed
with prejudice and without costs or fees.  This leaves her Title
VII and ADA claims remaining at issue before this court.

However, plaintiff also acknowledges her ADA claim is
inappropriately pleaded and seeks leave to re-plead her third
claim for disability discrimination under the Rehabilitation Act
(RA), the exclusive remedy for federal employees.  [#22].  For
reasons delineated below, I deny plaintiff's motion to amend as
futile - her claim lacks substance under either statute.

**C.  Defendant's Motion for Summary Judgment [#7]:**

**1.  First Claim: Title VII claims of race and color
discrimination:**

A federal employee's exclusive remedy to challenge
discriminatory employment practices in the federal government is
Section 717 of Title VII of the Civil Rights Act, 42 U.S.C. §
2000e-16.  *Charles v. Garrett,* 12 F.3d 870, 873 (1993); see also
*Brown v. General Servs. Admin.*, 425 U.S. 820 (1976).  Title VII

ORDER - page 6

specifically requires that a federal employee exhaust her
administrative remedies as a precondition to filing suit. *Brown*,
425 U.S. at 832.

Whether a claimant has exhausted her administrative remedies
is a question of law which determines whether she has satisfied a
statutory precondition to suit. *Id.* A statutorily created
exhaustion requirement is a precondition to federal court
jurisdiction. *United States v. California Care Corp.*, 709 F.2d
1241, 1248 (9th Cir.1983).

Defendant argues that plaintiff has failed to exhaust the
following claims:

1. Plaintiff alleges that she managed more employees and had
a more challenging workload than Mr. Horn. [#1, ¶¶ 10, 11, 13].
Mr. Horn left the Eugene office at the end of September, 2007.
[#9-Ex.1, p.3]. Plaintiff did not seek EEO counseling on this
issue until June 5, 2009. [#9-Ex.3].

2. Plaintiff alleges discrimination claiming that she did
not receive Quality Step Increases (QSI), Commissioner's
Citations[5], and substantial monetary awards from 2004 through
2008 and in 2010 and 2011. [#1, ¶¶ 12, 14]. Defendant argues
that these were discrete acts, for which plaintiff did not seek
timely EEO counseling because she only sought counseling claiming

---

[5]     Defendant notes that plaintiff did not mention
Commissioner Citations in her EEO complaint.

ORDER - page 7

that she did not get an award or QSI in mid-year 2009.  [#8-p.9]

3. Plaintiff alleges that during her yearly performance evaluations from 2007 through 2008, she received a rating of "satisfactory" on her performance evaluations. [#1-¶¶ 13, 14]. However, defendant notes that plaintiff did not seek EEO counseling on this issue until 2009.  [#8-p.9].  Defendant also notes that plaintiff newly alleges that she received a rating of "satisfactory" on her 2010 performance evaluations [#1-¶¶ 13, 14], but has not either included this claim in her EEO complaint, or amended her EEO complaint to include this claim after this discrete act occurred.  [#8-p.9].

4. Plaintiff alleges that she was denied the opportunity to work credit hours or overtime from 2007 through 2009. [#1-¶¶ 17, 19].  Defendant contends that plaintiff's EEO complaint claimed that she was denied the opportunity to work credit hours or overtime on April 13, 2009 [#9-Ex.2,p. 6], however, defendant notes, plaintiff did not seek EEO counseling on this claim until 53 days after this discrete act occurred and did not include any credit hours or overtime denial allegations on dates other than April 13, 2009 in her EEO complaint. [#9-Ex. 4].

Plaintiff responds that all allegations included in her complaint are either asserted in her EEO complaint, reworded for the lawsuit or so closely related to those in the EEO charge that "filing an additional complaint against Defendant would be

redundant."   [#23-p.9].

Whether the original EEOC investigation would have encompassed the additional charges determines whether a Title VII allegation is reasonably related to allegations contained in a previous EEOC charge. *Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators*, 525 F.2d 1354, 1359 n. 3 (9th Cir.1975). On the other hand, where claims are not so closely related that agency action would be redundant, the EEOC must be afforded an opportunity to consider disputes before federal suits are initiated. *Stache v. Intn'l Union of Bricklayers and Allied Craftsmen*, 852 F.2d 1231, 1234 (9th Cir.1988).

With the exception of plaintiff's claim that on April 13, 2009, she was denied the opportunity to work credit hours, I agree. Thus for the purpose of summary judgment, plaintiff's other claims alleged in her First Claim for Title VII race discrimination and hostile work environment, remain.

2. Americans with Disabilities Act (ADA claims:

The ADA and Rehabilitation Act(RA) of 1973 prohibit discrimination against an otherwise qualified individual based on his or her disability. It is well-settled that the federal government is excluded from the ADA's definition of "employer."

ORDER - page 9

42 U.S.C. § 12111(5)(B) (I)[6].  Based on this exclusion, federal

courts have concluded that the ADA provides no remedy to federal

employees." *Daniels v. Chertoff*, 2007 WL 1140401,

*2(D.Ariz.2007)(citing *Calero-Cerezo v. U.S. Dep't of Justice*,

355 F.3d 6, 11, n.1)(the ADA is not available to federal

employees); *see also Henrickson v. Potter*, 327 F.3d 444, 447 (5th

Cir.2003)(the entire federal government is excluded from coverage

of the ADA); accord *Rivera v. Heyman*, 157 F.3d 101, 103 (2nd

Cir.1998)( a federal employee has no remedy for employment

discrimination under the ADA).

Assuming plaintiff's claim was properly pleaded under the

RA, it is based on allegations of failure to engage in the

interactive process and refusing to accommodate plaintiff's

disability.

The RA prohibits federal agencies from discriminating

against disabled persons in employment matters, such as hiring,

placement, or advancement.  29 U.S.C. §§ 701 et seq.  To state a

*prima facie* case under the RA, a plaintiff must demonstrate that

(1)she is a person with a disability, (2) who is otherwise

qualified for employment, and (3) suffered discrimination because

---

[6]    Title 42 U.S.C. § 12111(5)(B)(i) provides in relevant
part:
    (B) Exceptions
        The term "employer" does not include-
        (i) the United States, a corporation wholly owned by
        the government of the United States, or an Indian
        tribe;

of her disability. *Walton v. U.S. Marshals Service*, 492 F.3d 998, 1005 (9th Cir.2007). The ADA standards of substantive liability are incorporated in the RA. *Id.*

Plaintiff's disability (carpal tunnel syndrome), led her to request accommodation in the form of a roller ball mouse, a reverse tilt keyboard and reassignment of the electronic folder transaction, (EFTs) to another employee in 2005. Plaintiff did not contact the EEOC about her EFT assignment complaint until 2009. Plaintiff thus failed to timely exhaust her complaints about the EFTs and additionally admits this issue is mooted by the task's reassignment to another employee.

With regard to her other two requests for accommodation, plaintiff received the roller ball mouse that she requested but was refused the keyboard. However, in an email, plaintiff's supervisor advised her that she might obtain this keyboard by contacting the division processing her worker's compensation claim and gave her the name of the appropriate person to contact. Because plaintiff did not make that contact, I find that she and not the agency, failed to engage in the interactive process.

For the reasons stated above, plaintiff's ADA claim even if properly pleaded as a RA claim, fails.

CONCLUSION

Based on the foregoing:

(1) Plaintiff's Response [#22], is hereby construed as a

Motion to Dismiss and to Amend.  Plaintiff's Motion to Dismiss her Second and Fourth claims, with prejudice and without fees or costs [#22], is GRANTED.  Plaintiff's Motion to Amend [#22], is DENIED.

(2) Defendants' Motion for Summary Judgment [#7], is granted in part and denied in part as follows:

- GRANTED for plaintiff's Third Claim of violation of the ADA; and

- DENIED with respect to plaintiff's First claim for Title VII violations on the basis of racial discrimination.

IT IS SO ORDERED.

DATED this ___17th/___ day of October, 2012.


United States District Judge